**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## NOCV2005-00044
## Daley et al v Twin Disk Inc et al

| | | | |
|---|---|---|---|
| **File Date** | 01/11/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 04/13/2005 | **Session** | C - Civil C -CtRm 20 |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/30/2005 | **Answer** | 06/30/2005 | **Rule12/19/20** | 06/30/2005 |
| **Rule 15** | 06/30/2005 | **Discovery** | 11/07/2005 | **Rule 56** | 12/07/2005 |
| **Final PTC** | 01/06/2006 | **Disposition** | 03/07/2006 | **Jury Trial** | Yes |

**Plaintiff**
Wayne Daley
Active 01/11/2005

**Private Counsel 556582**
Joseph P Crimmins
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston St
Boston, MA 02199-2723
Phone: 617-973-6100
Fax: 617-367-2315
Active 01/11/2005 Notify

**Plaintiff**
Nadine Daley
Active 01/11/2005

*** See Attorney Information Above ***

**Plaintiff**
Mdl Fishing llc
Active 01/11/2005

*** See Attorney Information Above ***

**Defendant**
Twin Disk Inc
Service pending 01/11/2005

### Commonwealth of Massachusetts
### NORFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

## NOCV2005-00044
## Daley et al v Twin Disk Inc et al

| | |
|---|---|
| **Defendant**<br>Mann Engines and Components Inc<br>Served: 03/17/2005<br>Served (answr pending) 04/08/2005 | |
| **Defendant**<br>Oean Yachts Inc<br>Served: 03/16/2005<br>Served (answr pending) 03/16/2005 | **Private Counsel 547948**<br>Howard M Brown<br>Bartlett Hackett Feinberg<br>10 High Street<br>Suite 920<br>Boston, MA 02110<br>Phone: 617-422-0200<br>Fax: 617-422-0383<br>Active 04/13/2005 Notify |
| **Defendant**<br>Performance Diesel Inc<br>Service pending 01/11/2005 | |

| Date | Paper | Text |
|---|---|---|
| 01/11/2005 | 1.0 | Complaint  entry fee $275 plff jury claim |
| 01/11/2005 | | Origin 1, Type A01, Track F. |
| 01/11/2005 | 2.0 | Civil action cover sheet filed |
| 01/11/2005 | | fast track notice sent to plff attorney |
| 01/16/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 04/06/2005 | 3.0 | SERVICE RETURNED: Certified Mail to Oean Yachts Inc(Defendant) 3/16/05 |
| 04/07/2005 | 4.0 | Motion to amend tracking order |
| 04/08/2005 | | MOTION (P#4.0) is ALLOWED; the time to file return of Service is extended up to and including June 30,2005  (Barbara A. Dortch-Okara, Associate Justice) dated 4/8/05  Notices mailed April 08, 2005 |
| 04/08/2005 | 5.0 | SERVICE RETURNED (summons): (in hand) to Tina Todd FLCES Corp Services, agent accepting for Mann Engines and Components Inc, service made on March 17, 2005 |
| 04/13/2005 | 6.0 | Notice of REMOVED to US Bankruptcy Court by deft Ocean Yachets Inc |

A TRUE COPY

Attest: _____

Deputy Assistant Clerk

4/13/05

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

SUPERIOR COURT
CIVIL ACTION

**NO.** 05-00044

Wayne Daley,
Nadine Daley and
MDL Fishing LLC ............., *Plaintiff(s)*

**v.**

Twin Disk, Inc., Mann Engines and
Components, Inc., Ocean Yachts, Inc. and
Performance Diesel, Inc, *Defendant(s)*

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

### SUMMONS

To the above-named Defendant: Mann Engines and Components, Plaza Centre North
at Pompano Business Park, 591 Southwest 13th Terrace, Pompano Beach, FL 33069

You are hereby summoned and required to serve upon Joseph P. Crimmins,
Posternak Blankstein & Lund LLP, Prudential Tower, 800 Boylston Street, Boston,
plaintiff's attorney, whose address is/........MA 02199........................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ......Boston......the ......11th...........

day of ....XXXXXXXXX..March, in the year of our Lord two thousand and .....five.......................

SERVED THIS ...17th... DAY OF March
20 05 AT 9:00 A.M. ..........P.M. — *Nicholas Barbadoro*........... Clerk.

LARRY CAMPBELL, SHERIFF OF LEON COUNTY, FL
BY ........................ DS

NOTES:
1. This summons is/issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

CLERK OF THE COURTS
NORFOLK COUNTY
4/13/05
IN CLERK'S OFFICE
2005 JAN 12  A 11: 31

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE DALEY, NADINE DALEY, )<br>and MDL FISHING LLC, )<br>    Plaintiffs )<br> )<br>v. )<br> )<br>TWIN DISC, INC., MANN )<br>ENGINES AND COMPONENTS, )<br>INC., OCEAN YACHTS, INC., and )<br>PERFORMANCE DIESEL, INC., )<br>    Defendants ) | CIVIL ACTION No. **05 1 0 7 2 0 RWZ** |

I hereby certify on _____ that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on _____1/13/2005
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____ Deputy Clerk

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT defendant Ocean Yachts, Inc. (defendant) hereby

removes Civil Action No. 05-00044 filed in the Superior Court of the Commonwealth of

Massachusetts, Norfolk County (the "State Court Action") to the United States District Court for

the District of Massachusetts pursuant to 28 U.S.C. §1441 and §1446, as amended and, in

accordance with 28 U.S.C.§1332 on the following grounds:

1.   On or about January 11, 2005, plaintiffs Wayne Daley, Nadine Daley, and MDL

Fishing LLC filed an action against defendants Twin Disc, Inc., Mann Engines and Components,

Inc., Ocean Yachts, Inc., and Performance Diesel, Inc. in the Superior Court of the

Commonwealth of Massachusetts, Norfolk County, Civil Action No. 05-00044 .

2.   In the State Court Action, plaintiffs allege that the defendants committed a breach

of contract with respect to a yacht purchased by the Daleys.

3.   According to the complaint, the plaintiffs are citizens of Massachusetts

(Complaint ¶¶1-2) and the defendants are citizens of states other than Massachusetts ( Complaint

¶¶3-6).

4.    On information and belief, the matter in controversy exceeds the sum of $75,000. According to the civil action cover sheet filed by the Plaintiffs in the Superior Court, they allege damages of at least $850,000.

5.    Plaintiffs served the defendant Ocean Yachts, Inc. with a copy of the Summons and Complaint in the State Court Action on or about March 16, 2005.

6.    Accordingly, this Notice of Removal is filed and served within thirty (30) days of defendant's receipt of service of process.

7.    Subject matter jurisdiction exists in this civil matter pursuant to 28 U.S.C. §1332, which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8.    Pursuant to 28 U.S.C. §1446(d), plaintiff is being provided with written notice of the filing of this Notice of Removal as evidenced by the attached certificate of service.

9.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be filed today with the Clerk of the Superior Court, Norfolk County.

10.    Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon defendant Ocean Yachts, Inc. are attached hereto. Pursuant to Loc. R. 81.1, defendants will file, within thirty (30) days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

11.    Defendant Ocean Yachts anticipates that all defendants will join in or consent to removal within the applicable time period.

WHEREFORE, defendant Ocean Yachts, Inc. respectfully requests that this Court take this action from the Superior Court of the Commonwealth of Massachusetts, Norfolk County, to the United States District Court for the District of Massachusetts.

> Defendant
> Ocean Yachts, Inc.
> By its attorneys,
>
>
> HOWARD M. BROWN
> BBO #547948
> Bartlett Hackett Feinberg P.C.
> 10 High Street- Suite 920
> Boston, MA 02110
> Tel. (617) 422-0200
>
>
> Michel Weisz, Esq.
> Segredo & Weisz
> 9350 South Dixie Highway, Suite 1500
> Miami, FL 33156
> (305) 670-3820

DATED: April 12, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

DATED: 4/12/05

A TRUE COPY

Attest: _____

Deputy Assistant Clerk

4/13/05

-3-

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 05-00044

Wayne Daley, Nadine Daley
and MDL Fishing LLC

................................................., *Plaintiff(s)*

**v.**

Twin Disc, Inc., Mann Engines and
Components, Inc., Ocean Yachts, Inc. and
Performance Diesel, Inc., *Defendant(s)*

## SUMMONS

To the above-named Defendant: Ocean Yachts, Inc.

You are hereby summoned and required to serve upon Joseph P. Crimmins, plaintiff's attorney, whose address is Boston, MA 02199, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Posternak Blankstein & Lund LLP, Prudential Tower, 800 Boylston Street,

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at .......Boston....the ....11th...........

day of March......................., in the year of our Lord two thousand and .five...........................

*Nicholas Barbadoro*  Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS:

SUPERIOR COURT
NO.

WAYNE DALEY,
NADINE DALEY and
MDL FISHING LLC

COPY
05 00041

V.

TWIN DISK, INC.
MANN ENGINES AND COMPONENTS, INC.
OCEAN YACHTS, INC. and
PERFORMANCE DIESEL, INC.

## COMPLAINT

1.    The plaintiffs, Wayne and Nadine Daley, reside at 27 Trayer Road, Canton, Massachusetts 02021, County of Norfolk.

2.    The plaintiff, MDL Fishing LLC is a Massachusetts limited liability corporation with a principal place of business at 27 Trayer Road, Canton, Massachusetts 02021, County of Norfolk.

3.    The defendant, Performance Diesel, Inc. is a Texas corporation with a principal place of business at 12707 North Freeway, Suite 590, Houston, Texas 47060.

4.    The defendant, Ocean Yachts, Inc. is a New Jersey corporation with a principal place of business at Route 563, Egg Harbor, New Jersey 08215.

5.    Twin Disk, Inc. is a Wisconsin corporation with a principal place of business at 1328 Racine Street, Racine, Wisconsin 53403.

ID # 415448v01/14236-2/ 01.05.2005

6.      MANN Engines and Components, Inc. is a Foreign Profit corporation with a principal place of business at Plaza Centre North at Pompano Business Park, 591 Southwest 13ᵗʰ Terrace, Pompano Beach, Florida 33069.

7.      Venue is proper in this jurisdiction as the plaintiffs are residents of Canton, County of Norfolk, Massachusetts.

8.      This Court has jurisdiction over the defendants under the Massachusetts Long Arm Statute, MGL c. 231. All of the defendants engage in a substantial amount of business in Massachusetts and derive substantial revenue therefrom. In addition, each defendant specifically undertook a direct business relationship with the plaintiffs in Massachusetts and sent employees and agents to Massachusetts to perform the actions described herein.

9.      In or about July, 1999, the Daley's purchased an Ocean 84 Supersport Yacht from Oyster Harbors Yachts, a dealer in Osterville, Massachusetts.

10.     The Daley's chose to equip their yacht with twin MANN 8 cylinder 800 horsepower diesel engines. The Daley's decision was based on information contained in various sales and marketing brochures, as well as specific representations from Ocean Yacht, and the dealer that these were quality engines and that they were compatible with the Ocean 48 yacht.

11.     Within approximately one year following their purchase, the Daley's experienced problems with their yacht including, but not limited to, black smoke and soot in the transom and interior of the yacht, failure of torsion couplings, hub notching and wear of aluminum clutch pistons.

12.     The engines and the transmission were covered by various warranties issued by MANN, Twin Disc and Ocean Yacht.

13.    Beginning in October or November, 2000, attempts at repairing the problems began on the Daley's yacht by MANN, Twin Disk, Ocean Yachts, and Performance Diesel, and their agents. Before and during each purported repair, each of the defendants represented to the Daley's that the work to be done would solve the problems the Daley's were experiencing.

14.    As set forth below, not only did the defendants fail to make the repairs that they promised the Daley's that they would make, their actions made the problems the Daley's were experiencing worse than they were before the defendants' attempted repair, and created new problems, all of which exist presently.

(a)    In October-November, 2000, defendant MANN and Twin Diesel rebuilt the transmission on the Daley's yacht, including adding new couplers to the yacht. The Daley's were told by MANN and Twin Diesel that these repairs would solve the problems. Notwithstanding the representation made by MANN and Twin Diesel that this work would solve the problems, the problems were worse at different RPM's and did not improve at other RPM's, following this work. In addition, new problems, involving extensive and structurally damaging vibrations began after this work was performed.

(b)    In May and June, 2001 Ocean Yachts and MANN installed new injector pumps. Ocean and MANN represented that the new injector pumps would solve the vibration problems. To the contrary, sea trials undertaken following the installation of the new injector pumps revealed that the vibrations were substantially worse than before the repair work.

(c)    In November, 2001, Ocean Yachts performed a new alignment on the transmission, representing that this would solve the problems. As before the representations that the new alignment would work did not prove true, and the vibrations experience on the yacht continued to become more significant.

-3-

(d)   In February, 2002 through March, 2002, additional work was done by MANN including replacing the couplers and other transmission work.   Again, contrary to the representations made by MANN, the vibration problems increased following the work done.

(e)   In the summer of 2003, additional injector pumps were replaced by MANN and Ocean Yachts. Not only did the vibrations get worse, but the amount of smoke that is produced by the engines and enters the interior of the cabin is worse.

(f)   In 2000 and again in 2002, Twin Disc performed work on the transmissions and transmission couplers, representing to the plaintiffs each time that this would solve the vibration problems. Following this work, the vibrations were worse than before this work

15.   The Daly's relied on promises made by each of the defendants at the time each repair was performed, that they would fix the problem with the next repair by not taking legal or other action.

16.   As a result of the defendants' actions, the Daley's have been substantially damaged, including but not limited to, loss use of their yacht, repair costs, loss in value to their yacht, and time away from their businesses.

## COUNT I

### (Breach of Contract Against All Defendants)

17.   The plaintiffs repeat and realleges the allegations contained in paragraphs 1-16 as if fully set forth herein.

18.   The plaintiffs had agreements, both expressed and implied, in writing and orally with each of the defendants that each of the repairs that they claim they would undertake would solve the problems that the Daley's were experiencing with their yacht.

ID # 415448v01/14236-2/ 01.05.2005

-4-

19.    The Daley's paid valid consideration in exchange for the repairs undertaken by each of the defendants.

20.    The plaintiffs performed all of their obligations under their agreements with the defendants.

21.    The defendants breached their agreements with the plaintiffs by failing to make the repairs promised, causing further damage to the yacht, and by misrepresenting that future repairs would solve the new problems.

22.    As a result of the defendants' breach of their obligations, the plaintiffs have suffered substantial damages.

WHEREFORE, the plaintiffs demand that this Court:

1.    Grant the relief sought above;

2.    Determine plaintiffs' damages and award judgment against the defendants in an appropriate amount, plus interest and costs;

3.    Grant such other and further relief as is reasonable and just.

## JURY DEMAND

The plaintiffs hereby demand a trial by jury on all issues so triable.

WAYNE DALEY,
NADINE DALEY and
MDL FISHING LLC,
By their attorneys,

Joseph P. Crimmins, BBO # 556582
Posternak, Blankstein & Lund LLP
800 Boylston Street
Boston, MA 02199
(617) 973-6100

ID # 415448v01/14236-2/ 01.05.2005

-5-

of Massachusetts
County of Norfolk
The Superior Court

CIVIL DOCKET # NOCV2005-00044-C

RE: **Daley et al v Twin Disk Inc et al**

TO:Joseph P Crimmins, Esquire
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston St
Boston, MA 02199-2723

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/11/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/10/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/10/2005 |
| All motions under MRCP 15 filed | 06/10/2005 |
| All discovery requests and depositions completed | 11/07/2005 |
| All motions under MRCP 56 served and heard | 12/07/2005 |
| Final pre-trial conference held and/or firm trial date set | 01/06/2006 |
| Case disposed | 03/07/2006 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session "C" sitting in CtRm 20 Norfolk Superior Court.

Dated: 01/11/2005

Walter F. Timilty
Clerk of the Court

BY:
Assistant Clerk

Location: CtRm 20
Telephone:

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic
645981 noisent packerma

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Wayne Daley, Nadine Daley
and MDL Fishing LLC

**DEFENDANTS**

Twin Disc, Inc., Mann Engines and
Components, Inc., Ocean Yachts, Inc., and
Performance Diesel, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

05 10720 RWZ

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph P. Crimmins
Posternak Blankstein & Lund LLP
800 Boylston Street
Boston, MA 02199

ATTORNEYS (IF KNOWN)  For Ocean Yachts, Inc.
Howard M. Brown
Bartlett Hackett Feinberg PC
10 High Street, Suite 920
Boston, MA 02110

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** ☐ 362 Personal Injury — Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **PROPERTY RIGHTS** ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 820 Copyrights ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 830 Patent Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 861 HIA (1395ff) ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 863 DWC/DIWW (405(g)) ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 865 RSI (405(g)) ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 871 IRS — Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Removal pursuant to 28 U.S.C. 1441 and 1446, due to diversity, 28 U.S.C. 1332

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 850,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE _____  DOCKET NUMBER _____

DATE  4/12/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

SUPERIOR COURT
CIVIL ACTION

**NO.** 05-00044

Wayne Daley, Nadine Daley
and MDL Fishing LLC

......................................................., *Plaintiff(s)*

**v.**

Twin Disc, Inc., Mann Engines and
Components, Inc., Ocean Yachts, Inc. and
Performance Diesel, Inc., *Defendant(s)*

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

4/6/05

## SUMMONS

To the above-named Defendant:  Ocean Yachts, Inc.

     You are hereby summoned and required to serve upon Joseph P. Crimmins,....,
Posternak Blankstein & Lund LLP, Prudential Tower, 800 Boylston Street,
plaintiff's attorney, whose address is/.....Boston, MA....02199............, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

     Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim



(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

SUPERIOR COURT
CIVIL ACTION

**NO.** 05-00044

Wayne Daley, Nadine Daley
and MDL Fishing LLC

.............................................................., *Plaintiff(s)*

**v.**

Twin Disc, Inc., Mann Engines and
Components, Inc., Ocean Yachts, Inc. and
Performance Diesel, Inc., *Defendant(s)*

*RECEIVED & FILED
CLERK OF THE COURTS
N. FOLK COUNTY*

4/6/05

### SUMMONS

To the above-named Defendant:  Ocean Yachts, Inc.

You are hereby summoned and required to serve upon Joseph P. Crimmins.,....,
Posternak Blankstein & Lund LLP, Prudential Tower, 800 Boylston Street,
plaintiff's attorney, whose address is/.....Boston, MA 02199.................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at .......Boston....the ....11th...........

day of March,........................., in the year of our Lord two thousand and ..five...........................

*Nicholas Barbadoro*_____ Clerk.

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
4/13/05

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .March..16.,.................., 20 05 , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
and tracking order
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

by Registered Mail/Return Receipt Requested directed to Daniel A.
.............................................................................................................................................
.Rowen.,...Registered..Agent.,..Ocean..Yachts.,..Inc.,..P.O..Box..312.,...........
.Weekstown..Green..Bank.,..Egg..Harbor.,..NJ..08215...See..original.....................
Return Receipt attached hereto.
Dated:    April 6, 2005, 20

Joseph P. Crimmins
Posternak Blankstein & Lund LLP
**N.B.  TO PROCESS SERVER:-**  800 Boylston Street, Boston, MA 02199

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 If Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front If space permits. | A. Signature  X                          ☐ Agent  ☐ Addressee |
| | B. Received by (*Printed Name*)   C. Date of Delivery  John Leek                3-16-05 |
| 1. Article Addressed to:  DANIEL A. ROWAN  Registered Agent  P.O. Box 312  Weekstown Green BANK  Egg Harbor NJ 08215 | D. Is delivery address different from item 1? ☐ Yes    If YES, enter delivery address below: ☐ No |
| | 3. Service Type  ☐ Certified Mail   ☐ Express Mail  ☐ Registered   ☐ Return Receipt for Merchandise  ☐ Insured Mail  ☐ C.O.D.  4. Restricted Delivery? (Extra Fee)   ☐ Yes |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

........Plaintiff

v.

........Defendant

**SUMMONS**

(Mass. R. Civ. P.4)

4.0

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS:                                            SUPERIOR COURT
                                                       NO. 05-00044

*April 8, 2005*

*Motion is Alld'i*
*the time to file return of*
*Service is extended up to*
*and including June 30, 2005*

WAYNE DALEY,
NADINE DALEY and
MDL FISHING LLC

V.                                                     *( Distribution, 9)*        RECEIVED & FILED
                                                       *au: My & 17.05*          **CLERK OF THE COURTS**
                                                       *Pro j Law*                NORFOLK COUNTY
TWIN DISK, INC.
MANN ENGINES AND COMPONENTS, INC.                                                  4/7/05
OCEAN YACHTS, INC. and
PERFORMANCE DIESEL, INC.

## **MOTION TO AMEND TRACKING ORDER**

The plaintiffs move this Court for an Order Amending the Tracking Order to allow the plaintiffs additional time to complete service on the defendants. As grounds therefor, the plaintiffs state as follows:

1.      Two of the defendants, Twin Disk, Inc. and Performance Diesel, Inc., reside outside the Commonwealth.

2.      Several attempts have been made to serve these defendants and each attempt was returned without service being effected.

3.      New addresses have been found for service on these defendants and complaints and summonses have been sent by registered mail.

4.      The plaintiffs request that the deadline for service to be made and filed be extended until June 30, 2005.

WHEREFORE, for the foregoing reasons, the plaintiffs request that this Court allow the plaintiffs additional time to complete service on the defendants until June 30, 2005.

WAYNE DALEY, NADINE DALEY and
MDL FISHING LLC
By their attorneys,

Joseph P. Crimmins, BBO # 556582
Posternak, Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 973-6273

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
4/12/05

ID # 427249v01/14236-2/ 04.06.2005



COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS:                                      SUPERIOR COURT
                                                 NO.

WAYNE DALEY,                                      05  0004?
NADINE DALEY and
MDL FISHING LLC

V.

TWIN DISK, INC.
MANN ENGINES AND COMPONENTS, INC.
OCEAN YACHTS, INC. and
PERFORMANCE DIESEL, INC.

## COMPLAINT

1.    The plaintiffs, Wayne and Nadine Daley, reside at 27 Trayer Road, Canton,

Massachusetts 02021, County of Norfolk.

2.    The plaintiff, MDL Fishing LLC is a Massachusetts limited liability corporation

with a principal place of business at 27 Trayer Road, Canton, Massachusetts 02021, County of

Norfolk.

3.    The defendant, Performance Diesel, Inc. is a Texas corporation with a principal

place of business at 12707 North Freeway, Suite 590, Houston, Texas 47060.

4.    The defendant, Ocean Yachts, Inc. is a New Jersey corporation with a principal

place of business at Route 563, Egg Harbor, New Jersey 08215.

5.    Twin Disk, Inc. is a Wisconsin corporation with a principal place of business at

1328 Racine Street, Racine, Wisconsin 53403.

6.    MANN Engines and Components, Inc. is a Foreign Profit corporation with a principal place of business at Plaza Centre North at Pompano Business Park, 591 Southwest 13th Terrace, Pompano Beach, Florida 33069.

7.    Venue is proper in this jurisdiction as the plaintiffs are residents of Canton, County of Norfolk, Massachusetts.

8.    This Court has jurisdiction over the defendants under the Massachusetts Long Arm Statute, MGL c. 231. All of the defendants engage in a substantial amount of business in Massachusetts and derive substantial revenue therefrom. In addition, each defendant specifically undertook a direct business relationship with the plaintiffs in Massachusetts and sent employees and agents to Massachusetts to perform the actions described herein.

9.    In or about July, 1999, the Daley's purchased an Ocean 84 Supersport Yacht from Oyster Harbors Yachts, a dealer in Osterville, Massachusetts.

10.    The Daley's chose to equip their yacht with twin MANN 8 cylinder 800 horsepower diesel engines. The Daley's decision was based on information contained in various sales and marketing brochures, as well as specific representations from Ocean Yacht, and the dealer that these were quality engines and that they were compatible with the Ocean 48 yacht.

11.    Within approximately one year following their purchase, the Daley's experienced problems with their yacht including, but not limited to, black smoke and soot in the transom and interior of the yacht, failure of torsion couplings, hub notching and wear of aluminum clutch pistons.

12.    The engines and the transmission were covered by various warranties issued by MANN, Twin Disc and Ocean Yacht.

13.    Beginning in October or November, 2000, attempts at repairing the problems began on the Daley's yacht by MANN, Twin Disk, Ocean Yachts, and Performance Diesel, and their agents. Before and during each purported repair, each of the defendants represented to the Daley's that the work to be done would solve the problems the Daley's were experiencing.

14.    As set forth below, not only did the defendants fail to make the repairs that they promised the Daley's that they would make, their actions made the problems the Daley's were experiencing worse than they were before the defendants' attempted repair, and created new problems, all of which exist presently.

(a)    In October-November, 2000, defendant MANN and Twin Diesel rebuilt the transmission on the Daley's yacht, including adding new couplers to the yacht. The Daley's were told by MANN and Twin Diesel that these repairs would solve the problems. Notwithstanding the representation made by MANN and Twin Diesel that this work would solve the problems, the problems were worse at different RPM's and did not improve at other RPM's, following this work. In addition, new problems, involving extensive and structurally damaging vibrations began after this work was performed.

(b)    In May and June, 2001 Ocean Yachts and MANN installed new injector pumps. Ocean and MANN represented that the new injector pumps would solve the vibration problems. To the contrary, sea trials undertaken following the installation of the new injector pumps revealed that the vibrations were substantially worse than before the repair work.

(c)    In November, 2001, Ocean Yachts performed a new alignment on the transmission, representing that this would solve the problems. As before the representations that the new alignment would work did not prove true, and the vibrations experience on the yacht continued to become more significant.

ID # 415448v01/14236-2/ 01.05.2005

-3-

(d)    In February, 2002 through March, 2002, additional work was done by MANN including replacing the couplers and other transmission work.    Again, contrary to the representations made by MANN, the vibration problems increased following the work done.

(e)    In the summer of 2003, additional injector pumps were replaced by MANN and Ocean Yachts.  Not only did the vibrations get worse, but the amount of smoke that is produced by the engines and enters the interior of the cabin is worse.

(f)    In 2000 and again in 2002, Twin Disc performed work on the transmissions and transmission couplers, representing to the plaintiffs each time that this would solve the vibration problems. Following this work, the vibrations were worse than before this work

15.    The Daly's relied on promises made by each of the defendants at the time each repair was performed, that they would fix the problem with the next repair by not taking legal or other action.

16.    As a result of the defendants' actions, the Daley's have been substantially damaged, including but not limited to, loss use of their yacht, repair costs, loss in value to their yacht, and time away from their businesses.

## COUNT I

### (Breach of Contract Against All Defendants)

17.    The plaintiffs repeat and realleges the allegations contained in paragraphs 1-16 as if fully set forth herein.

18.    The plaintiffs had agreements, both expressed and implied, in writing and orally with each of the defendants that each of the repairs that they claim they would undertake would solve the problems that the Daley's were experiencing with their yacht.

19.    The Daley's paid valid consideration in exchange for the repairs undertaken by each of the defendants.

20.    The plaintiffs performed all of their obligations under their agreements with the defendants.

21.    The defendants breached their agreements with the plaintiffs by failing to make the repairs promised, causing further damage to the yacht, and by misrepresenting that future repairs would solve the new problems.

22.    As a result of the defendants' breach of their obligations, the plaintiffs have suffered substantial damages.

WHEREFORE, the plaintiffs demand that this Court:

1.    Grant the relief sought above;

2.    Determine plaintiffs' damages and award judgment against the defendants in an appropriate amount, plus interest and costs;

3.    Grant such other and further relief as is reasonable and just.

### JURY DEMAND

The plaintiffs hereby demand a trial by jury on all issues so triable.

> WAYNE DALEY,
> NADINE DALEY and
> MDL FISHING LLC,
> By their attorneys,

A TRUE COPY

Attest: _____
Deputy Assistant Clerk

4/13/05

Joseph P. Crimmins, BBO # 556582
Posternak, Blankstein & Lund LLP
800 Boylston Street
Boston, MA  02199
(617) 973-6100

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05  C001 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

**PLAINTIFF(S)**
. Wayne Daley, Nadine Daley and MDL Fishing LLC

**DEFENDANT(S)**
Twin Disk, Inc., Mann Engines and Components, Inc., Ocean Yachts, Inc.
Performance Diesel, Inc.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Joseph P. Crimmins, BBO # 556582
Posternak Blankstein & Lund LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199
617-973-6273

**ATTORNEY (if known)**

### Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | CONTRACT | (F) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . $
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . $
                                                                Subtotal $ . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . $
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . $
F. Other documented items of damages (describe)
                                                                $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                $ . . . . . . . . . . .
                                                                TOTAL $ . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Defendants agreed to fix mechanical problems with plaintiffs' yacht, breached those agreemetns, and caused additional problems.
                                                At least
                                                TOTAL $ 850,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 1/5/05

Attest: _____
Deputy Assistant Clerk

AOTC-6 mtc005-11/99