UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-CV-10057 RWZ

| | |
|---|---|
| LEON BOOLE, JR.,<br>Plaintiff | )<br>) |
| v. | ) |
| AUTO AUCTION OF NEW ENGLAND, INC.,<br>KENNETH LORD, DANNY MOSHER<br>D/B/A DM AUTOMOTIVE,<br>Defendants | )<br>)<br>)<br>) |

### MEMORANDUM OF REASONS IN SUPPORT OF DEFENDANTS AUTO AUCTION OF NEW ENGLAND, INC. AND KENNETH LORD'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Auto Auction of New England, Inc. and Kenneth Lord, file this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's claims for lack of Personal Jurisdiction.

### I.   ARGUMENT

#### A.   Standard of Review

With respect to the defendant's motion to dismiss the plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(l) and 12(b)(2), the **plaintiff** bears the burden of proving jurisdictional facts.   See Williams v. Episcopal Diocese of Massachusetts, 436 Mass. 574, at footnote 2 (2002); citing New Hampshire Insurance Guarantee Association v. Markem Corn., 424 Mass. 344, 346 (1997); Brown v. Tobyne, 10 Mass. App. Ct. 833 (1 980); J.W. Smith & H.B. Zobel, Rules Practice, § 12.8 (1974 & Supp. 2002).

In evaluating a motion to dismiss for failure to state a claim under Mass. R. Civ. P. 12 (b)(6), Massachusetts courts follow the standard advanced in <u>Nader v. Citron</u>, 372 Mass. 96, 98 (1977); quoting from <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46: "'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Furthermore, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true. " <u>See also</u>, <u>Balsavich v. Local 170, International Brotherhood of Teamsters</u>, 371 Mass. 283 (1976); <u>Druker v. Roland Wm. Jutras Assocs.</u>, 370 Mass. 373, 385 (1976); <u>Charbonnier v. Amico</u>, 367 Mass. 146, 152-1 53 (1975).

**B.** **This Court does not have jurisdiction over Auto Auction of New England, Inc. and Kenneth Lord because it is not incorporated in Massachusetts and does not do business in Massachusetts**

In order for this court to have personal jurisdiction over Auto Auction of New England, Inc. and Kenneth Lord, the plaintiff must satisfy the literal requirements of the Massachusetts "long-arm" statute and must meet the Constitutional requirements of personal jurisdiction imposed by the Fourteenth Amendment. <u>American Express Int'l v. Mendez-Capellan</u>, 889 F.2d 1175, 1178 (1st Cir. 1989). The Due Process Clause does not allow the exercise of personal jurisdiction where a defendant does not have adequate contacts with the forum state, even if the literal requirements of a long-arm statute have been met. <u>See</u> <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 320 (1945). The burden of establishing facts sufficient to fend off a motion to dismiss for lack of jurisdiction over the person is on the plaintiff. <u>Kleinerman v. Morse</u>, 26 Mass. App. Ct. S

2

1145515v1

19 ( 1 989); citing Morrill v. Tong, 390 Mass. 120, 129 (1983); see also, Carlson Corp. v. Univ. of Vermont, 380 Mass. 102 (1980).

The plaintiff must carry this burden under each section of the long-arm statute that he claims applies to the facts and circumstances of this case. Raleigh Rug Company v. R.A. Civitello Co., 23 Mass. App. Ct. 1025, 1026 (1987) (rescript) ("When confronted by a motion under rule 12(b)(2), a plaintiff who relies on §3(d) has the burden of establishing facts upon which it can be determined that his cause of action arises out of business which the defendant transacted here." ); Catrone v. Ogden Suffolk Downs, Inc., 647 F. Supp. 850, 856 (D. Mass. 1986) (plaintiff has the burden of proof under §3(a)); see also Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 3 (1979).

The relevant provision of the Massachusetts long arm statute in the case at bar is M.G.L. c. 223A, §3(a), which provides that a Massachusetts court may exercise personal jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . transacting any business in this Commonwealth." Thus, in order for jurisdiction to exist pursuant to §3(a), the facts must satisfy two requirements: (1) the defendant must have transacted business in Massachusetts, and (2) the plaintiffs' claim must have arisen from the defendant's transaction of such business. Tatro v. Manor Care, Inc., 416 Mass. 763, 767,625 N.E.2d 549 (1994).

The "transacting any business" clause in §3 has been construed broadly by Massachusetts courts. See Tatro, 416 Mass. at 767. The Supreme Judicial Court has explained that although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, the purposeful and successful solicitation of business from residents

3

of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement.
Id.

Bennett v. Jack Dennis Whitewater Trips, 925 F. Supp. 889, is instructive. In Bennett, the plaintiff was a Massachusetts resident who sued a Wyoming Corporation seeking to recover for injuries sustained by the plaintiff while on a whitewater rafting excursion conducted by the defendant in Wyoming. The defendant moved to dismiss the plaintiffs complaint filed in Massachusetts for lack of personal jurisdiction.

The court examined the defendant's contacts with the forum state and found them insufficient for the court to exercise jurisdiction. Specifically, the court found that the defendant had no Massachusetts office, telephone number, bank accounts or post office box. The defendant sent no promotional material or brochures to Massachusetts unless contacted by Massachusetts resident and requested to do so. Furthermore, no contact occurred and no contract was entered into between the plaintiff and the defendant while the plaintiff was in Massachusetts. Finally, the plaintiff, who was on a tour of national parks, did not reserve a place or pay for the whitewater rafting trip until she arrived in Wyoming. Thus, the court held that the defendant lacked the requisite contacts to the forum state to meet the conditions of the long-arm statute or the Due Process Clause.

In the instant case, a similar determination is warranted. The plaintiff is unable to satisfy his burden that the defendants have the necessary contacts with Massachusetts for this court properly to exercise personal jurisdiction. Indeed, the plaintiff asserts no facts upon which this court can find that the defendant transacts any business in Massachusetts. The defendants do not maintain an office in Massachusetts, and the accident occurred in New Hampshire. See Affidavit of Linda J. Griffin, attached hereto as Exhibit A.

4

Therefore, in the absence of the requisite contacts between the defendant and the forum state, the conditions of the long arm statute cannot be satisfied.

### C.    Even assuming that the plaintiff can surmount the statutory hurdle of the jurisdictional analysis, this Court's exercise of personal jurisdiction over this defendant remains constitutionally impermissible.

The Fourteenth Amendment prohibits a state court from exercising jurisdiction over a non-resident defendant unless that defendant has "certain minimum contacts" with the state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 413-14, (1984), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In particular, a court cannot assert jurisdiction unless "the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

"It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." World-Wide Volkswagen, at 299, quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958) (emphasis added). See also, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-475 (1985). Courts require purposeful availment to ensure that "random," "fortuitous," or "attenuated" contacts with a state do not cause a defendant to be haled into its courts. Burger King, at 475, citing Keeton v. Hustler Magazine, 465 U.S. 770, 774, (1984). See also, Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 107 (1987).

5

The requisite degree of "minimum contacts" sufficient to comport with "fair play and substantial justice" depends on whether the court is exercising general or specific jurisdiction. Massachusetts School of Law v. American Bar Ass'n, 142 F.3d 26, (1st Cir., 1998); Donatelli v. National Hockey League, 893 F.2d 459, 462-463 (1st Cir., 1990). A defendant that has "continuous and systematic activity in the forum state" may be subjected to the general jurisdiction of that state's courts. Noonan v. The Winston Co., 135 F.3d 85, 89 (1st Cir., 1998). This means that the defendant may be haled into court even on claims that are entirely unrelated to any of its contacts with the forum state.

In the absence of "continuous and systematic activity in the forum state," a non-resident defendant may only be subjected to specific jurisdiction, i.e. jurisdiction "where the cause of action arises directly out of, or relates to, the defendant's forum based contacts." Noonan v. The Winston Co., 135 F.3d 85, 89 (1st Cir., 1998). The test for specific jurisdiction requires the court to consider: (a) the degree to which the lawsuit is related to the defendant's contacts with the forum, (b) the defendant's purposeful availment of the forum, and (c) the fairness of forcing the defendant to appear. Phillips Exeter Academy v. Howard Phillips Fund, 196 F.3d 284, 288 (1st Cir. 1999).

Here, the plaintiff alleges no facts upon which this court can find that this non-resident defendant (Auto Auction of New England, Inc.) has the minimum contacts needed to satisfy the Due Process Clause. First, as concerns general jurisdiction, there are no facts upon which this court can find that the defendant engaged in systematic activity, unrelated to this litigation, in Massachusetts. Secondly, the plaintiff asserts no facts which establish that the litigation directly arises out of, or relates to, any activities of the defendant in Massachusetts. Indeed, the plaintiff's Amended Complaint establishes

6

1145515v1

the lack of grounds upon which to assert personal jurisdiction. Furthermore, there are no facts alleged which demonstrate that the defendant purposefully availed itself of the privilege of conducting activities in Massachusetts thereby invoking the benefits and protections of the state's laws and making the defendant's involuntary presence before the state's courts foreseeable. To subject the defendants to personal jurisdiction based on the facts plead is unreasonable and contrary to law.

## II.    CONCLUSION

Defendants Auto Auction of New England, Inc. and Kenneth Lord, respectfully request that this Court grant their Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully Submitted,

THE DEFENDANTS,
AUTO AUCTION OF NEW ENGLAND, INC., AND
KENNETH LORD,
By their attorney,

Joseph M. Desmond, BBO# 634883
Rafael P. McLaughlin, BBO# 645077
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date: June 2, 2005

7

## CERTIFICATE OF SERVICE

I, Rafael P. McLaughlin, do hereby certify that I have this day served the foregoing **MEMORANDUM OF REASONS IN SUPPORT OF DEFENDANTS AUTO AUCTION OF NEW ENGLAND, INC. AND KENNETH LORD'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to all counsel of record in this action by mailing the same, postage prepaid to:

> Philip J. Doherty, Esq.
> Doherty Law Offices
> 73A Winthrop Avenue
> Lawrence, MA 01810

Date: June 2, 2005                    Attorney: _____
                                              Rafael P. McLaughlin

1145515v1

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-CV-10057 RWZ

| | |
|---|---|
| LEON BOOLE, JR.,<br>    Plaintiff | )<br>) |
| v. | ) |
| AUTO AUCTION OF NEW ENGLAND, INC.,<br>KENNETH LORD, DANNY MOSHER<br>D/B/A DM AUTOMOTIVE,<br>    Defendants | )<br>)<br>)<br>) |

## AFFIDAVIT OF LINDA J. GRIFFIN

I, Linda J. Griffin, having been duly sworn, depose and swear that:

1.  I am adult who is competent to make the statements contained in this Affidavit.

2.  I am employed as the Controller of Auto Auction of New England, Inc.

3.  Auto Auction of New England, Inc. is a New Hampshire corporation with a principal place of business at 8 Action Boulevard, Londonderry, New Hampshire.

4.  Auto Auction of New England, Inc. does not maintain any office, telephone number, bank account, or post office box in Massachusetts. Additionally, Auto Auction of New England, Inc. sends no promotional materials to Massachusetts unless contacted by Massachusetts residents and requested to do so.

5.  Auto Auction of New England, Inc. does not transact any business in the Commonwealth of Massachusetts.

6.  Auto Auction of New England, Inc. is not engaged in any regular activities, business or otherwise, in the Commonwealth of Massachusetts.

7.  The accident of December 5, 2002, which is the subject of the plaintiff's Complaint, occurred at 8 Action Boulevard, Londonderry, New Hampshire.

8.  The defendant, Kenneth Lord, was employed by Auto Auction of New England, Inc. on December 5, 2002. Mr. Lord is a resident of New Hampshire and currently resides at 52 Rockingham Road, Derry, New Hampshire.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26Th
DAY OF APRIL, 2005.

Linda J. Griffin